UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISRAEL DUPONT,

    Plaintiff,

vs.                              Case No.

COLLECTCORP CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.
### INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.
### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of as stated herein occurred here in this District.

## III.
## PARTIES

3. Plaintiff, ISRAEL DUPONT is a natural person residing in Winter Haven, Polk County, Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Defendant, COLLECTCORP CORPORATION (hereinafter referred to as "Defendant" or "COLLECTCORP") is foreign corporation in the State of Arizona which is registered within the State of Florida engaged in the business of collecting debts with its principal place of business located at 455 North 3rd Street, Suite 260, Phoenix, Arizona and is a "debt collector" as defined by the 15 U.S.C. §1692a(6).

## IV.
## FACTUAL ALLEGATIONS

5. Sometime before the facts noted below, Plaintiff incurred a financial obligation through Bank of America (hereinafter referred to as "Creditor") primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. §1692a(5), namely an amount due and owing on a personal account (hereafter the "Account").

6. Due to circumstances beyond Plaintiff's control, the Account with Creditor was not paid by Plaintiff and it went into default.

7. Sometime thereafter, the alleged debt and Account was assigned, placed or otherwise transferred to Defendant, COLLECTCORP for collection.

8. Upon information and belief, sometime around April 1, 2009, Plaintiff began noticing that he was receiving repeated telephone calls from Defendant on Plaintiff's residential telephone number. The exact dates and times are unknown to

Plaintiff at this time. These phone calls, as well as the telephone calls noted herein, each individually constitute a "communication" as defined by 15 U.S.C. §1692a(2).

9. On or about May 7, 2009, Plaintiff received a collection letter from Defendant. The return address on the collection letter was Post Office Box 101928, Dept. 4947A, Birmingham, Alabama 35210-1928

10. On or about May 19, 2009, Plaintiff wrote and sent a letter by certified mail (bearing certified mail number: 7007-3020-0000-0929-1789) to Defendant at the return address of Post Office Box 101928, Dept. 4947A, Birmingham, Alabama 35210-1928 requesting that Defendant cease all forms of telephonic contact and communication with Plaintiff. The return receipt notification indicates that the letter was received by Defendant on May, 21, 2009.

11. Despite receipt of the notification letter by Defendant, Plaintiff continued to receive collection telephone calls from Defendant's representatives, employees and/or agents.

12. Notwithstanding the notification letter from Plaintiff to Defendant to stop making collection telephone calls to him, Plaintiff on May 26, 2009 at approximately 6:14 p.m. received a collection telephone call from Defendant.

13. Notwithstanding the notification letter from Plaintiff to Defendant to stop making collection telephone calls to him, Plaintiff on May 27, 2009 received a telephone collection call from a person by the name of Joe Armstrong, a representative of Defendant. This individual left a voice mail, wherein he did not identify himself or the name of his agency in the message. The person who called did however leave a return telephone number with an extension number. Plaintiff called the number to ascertain

Complaint
Page 3 of 7

and determine who had made the telephone call. To Plaintiff's amazement and disbelief, it was from Defendant. Plaintiff's telephone caller identification recorder indicates that Plaintiff received an additional four (4) telephone calls from Defendant on this particular day.

14. Plaintiff on the evening of May 27, 2009 returned Defendant's telephone calls to complain about Defendant's actions of ignoring the cease and desist letter. Plaintiff informed the representative of Defendant of the existence of the notification letter. Completely and with total disregard of the information provided by Plaintiff, Defendant's representative continued to make inquiry whether Plaintiff was going to make any payment on the alleged debt and Account.

15. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, OXFORD.

16. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

17. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, OXFORD.

18. Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors and omissions done in violation of state and federal law by its collection employees, including but not limited

to violations of the Fair Debt Collection Practices Act, Florida Consumer Practices Act and Florida tort law, in their attempts to collect this debt from Plaintiff.

## V.
## FIRST CLAIM FOR RELIEF

19. Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through eighteen (18) above.

20. By their actions, Defendant and its agents have violated 15 U.S.C. § 1692c(c) by contacting Plaintiff after Plaintiff had requested in writing that Defendant cease communications with Plaintiff.

21. By their actions, Defendant and its agents violated 15 U.S.C. § 1692d (5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number.

22. By their actions, Defendant and its agents violated 15 U.S.C. § 1692d by engaging in conduct against Plaintiff that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt.

23. By their actions, Defendant and its agents violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at any unusual time or place or which should have been know to be inconvenient to Plaintiff.

24. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment as Defendant's conduct violated the FDCPA, and Plaintiff should be awarded actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    E.    For such other and further relief as may be just and proper.

## IV.
## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 25th day of June 2009.

**DICESARE, DAVIDSON, & BARKER, P.A.**

_/s/ Harold E. Barker_

HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
E-Mail: rbarker@ddblaw.com
MARIO J. CABRERA, ESQUIRE
Florida Bar # 0001163
E-mail: mcabrera@ddblaw.com
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA     )

COUNTY OF POLK      )

    Plaintiff, ISRAEL DUPONT having first been duly sworn and upon oath, depose and say as follows:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
6. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

                                            _____
                                            ISRAEL DUPONT

Sworn to or affirmed and signed before me on June 25th, 2009, by Israel Dupont.

_____
NOTARY PUBLIC—STATE OF FLORIDA

Notary Public State of Florida
Mario J Cabrera
My Commission DD752441
Expires 01/27/2012

_____
[Print, type, or stamp commissioned name of notary.]

____ *Personally known*
✓ *Produced identification [Type of identification produced:* State issued Identification Card*]*

Complaint
Page 7 of 7

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ISRAEL DUPONT

**(b)** County of Residence of First Listed Plaintiff: POLK
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
HAROLD E. BARKER OF DiCESARE, DAVIDSON & BARKER
Post Office Box 7160, Lakeland, Florida 33807-7160; (863) 648-5999

## DEFENDANTS

County of Residence of First Listed Defendant: Phoenix, AZ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, et seq

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/25/2009

SIGNATURE OF ATTORNEY OF RECORD: /s/ Harold E. Barker

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____